UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-130 |
| | ) | |
| CHATHAM COUNTY, | ) | |
| MARGARET E. HEAP, | ) | |
| TODD H. MARTIN, | ) | |
| ADINA C. RIPLEY, | ) | |
| UNITED STATES | ) | |
| SECRET SERVICE, | ) | |
| STUART GLASBY, and | ) | |
| DOES 1–10, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a prisoner at Augusta State Medical Prison, has submitted a complaint asserting various allegations against several public officials. Doc. 1. He is currently subject to sanctions and filing restrictions, including the requirement that he post a $1,000 contempt bond. *See Oliver v. Lyft, Inc.*, CV419-063, doc. 115 (S.D. Ga. Oct. 21, 2019), *Oliver v. City of Pooler, et al.*, CV4:18-100, doc. 59 (S.D. Ga. Feb. 28, 2019). Oliver has filed a motion seeking to have the bond waived in this case. Doc. 16. He also seeks to proceed *in forma pauperis* (IFP). Doc. 8. As Oliver has

on at least three prior instances filed meritless actions and has continued his pattern of vexatious and abusive conduct, both motions are **DENIED** and the Complaint is **DISMISSED**.[1]

Oliver is known to the Court as a vexatious litigant and his prior conduct has resulted in a series of restrictions on his ability to file litigation. *See Oliver v. Ameris Bank, et al.*, CV4:20-273, doc. 79 (S.D. Ga. Aug. 10, 2021); *Oliver v. Lyft, Inc.*, CV4:19-063, doc. 115 (S.D. Ga. Oct. 21, 2019), *Oliver v. City of Pooler, et al.*, CV4:18-100, doc. 59 (S.D. Ga. Feb. 28, 2019). Among these restrictions is the requirement that he post a $1,000 contempt bond at the time of filing any new civil action. *See Oliver v. Lyft, Inc.*, CV419-063, doc. 115 (S.D. Ga. Oct. 21, 2019) *adopting* doc. 113 (S.D. Ga. Sep. 13, 2019). In another matter, Oliver requested that the bond requirement be suspended during his period of incarceration. *Oliver v. Ameris Bank, et al.*, CV4:20-273, doc. 22 (S.D. Ga. Dec. 1, 2020). The Court initially granted Oliver's motion, reasoning that the provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), provided a sufficient deterrent to continued bad conduct. *Ameris Bank*,

---

[1] Oliver has consented to plenary disposition of this case by a Magistrate Judge. Doc. 14.

CV4:20-273, doc. 48 (S.D. Ga. Jan 15, 2021). The sanctions were recently reimposed, however, after Oliver returned to his prior vexatious behavior. *Ameris Bank*, CV4:20-273, doc. 79 (S.D. Ga. Aug. 10, 2021). As the contempt bond remains a necessary deterrent against Oliver's abuse of the Court, the motion to suspend the requirement is **DENIED**. *See, e.g., Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

Oliver's motion for leave to proceed *in forma pauperis* is also denied. Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IPF after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Oliver has an extensive litigation history before several federal and state courts and this Court is aware of four cases within

that history that qualify as strikes under § 1915(g): *Oliver v. Gore, et al.*, 3:09-cv-2505 (S.D. Cal. May 12, 2010); *Oliver v. Reays Ranch Investors, et al.*, 4:10-cv-158 (D. Ariz. Mar. 15, 2010); *Oliver v. Sloane*, et al., 4:10-cv-169 (D. Ariz. Mar. 24, 2010); and *Oliver v. Cnty. of Isanti*, 0:10-cv-4218 (D. Minn. Jan. 3, 2011). Each of these cases was previously reviewed by this Court, which is confident that they were filed by Oliver and were dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted."[2] *See See Oliver v. Ameris Bank, et al.*, CV4:20-273, doc. 79 (S.D. Ga. Aug. 10, 2021) (discussing cases and Oliver's objections) *adopting* doc. 77 (S.D. Ga. Jul. 16, 2021) (discussing cases).

PLRA does provide an exception to this restriction if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious

---

[2] Oliver has filed an appeal of the Court's prior determination that he has accumulated three-strikes. *Oliver v. Ameris Bank, et al.*, No. 21-13005 (11th Cir. Aug. 30, 2021). Though the appeal remains pending, the Eleventh Circuit has recognized that Oliver is prohibited from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). *Oliver v. Ameris Bank, et al.*, No. 21-13005 (11th Cir. Sep. 1, 2021).

physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Oliver has not alleged that he is in imminent danger of serious physical injury and the Court struggles to fathom how such danger might manifest from Oliver's claims of conspiracy surrounding his criminal investigation and prosecution. As Oliver has previously filed at least three meritless cases while incarcerated and is not currently under an "imminent danger of serious physical injury," his motion to proceed IFP is **DENIED**.

Accordingly, Oliver's motions to suspend the contempt bond and for leave to proceed *in forma pauperis* are **DENIED**. Having filed at least three meritless claims, he "must pay the full filing fee at the time he initiates suit" in order to bring future cases before the Court. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Therefore, the Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 10th day of September, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA